**CITY OF OAK RIDGE et al., Appellants,**

v.

**Isaac F. CAMPBELL, Appellee.**

Supreme Court of Tennessee.

July 1, 1974.

William N. Groover, Knoxville, for appellants.

J. H. Hodges, Knoxville, for appellee; Hodges, Doughty & Carson, Knoxville, of counsel.

## OPINION

CHATTIN, Justice.

For convenience, the parties will be referred to as they were in the court below: that is, Isaac F. Campbell, as the plaintiff; and the City of Oak Ridge and the Kansas City Fire and Marine Insurance Company, as the defendants.

This suit was filed seeking recovery under the Workmen's Compensation Act. The plaintiff alleged he sustained a one hundred per cent permanent disability as the result of a myocardial infarction suffered while performing his duties as a policeman for the City of Oak Ridge. The trial judge found the proof sustained the plaintiff's allegations, and a judgment was entered accordingly.

Defendants insist plaintiff's disability is not compensable because the injury producing the disability was not an " . . injury by accident arising out of and in the course of employment . . ." T.C.A. Section 50–902(d).

Plaintiff insists that this is a proper case for the application of the "accident result" rule announced in R. E. Butts Company v. Powell, 225 Tenn. 119, 463 S.W.2d 707

(1971), and that there is material evidence to support the trial judge's finding. In addition, plaintiff insists that even if the evidence fails to support a causal connection between the myocardial infarction and his employment, he is entitled to a presumption that the disability occurred ". . . due to accidental injury suffered in the course of employment." T.C.A. Section 6–639. Consequently, plaintiff argues that, without competent medical evidence to the contrary, the presumption alone is sufficient to establish the requirements of T.C.A. Section 50–902(d) that " 'Injury' . . . . mean[s] any injury by accident arising out of and in the course of employment . . . ."

We will consider the second argument of plaintiff first.

T.C.A. Section 6–639 provides in pertinent part as follows:

"A. The state of Tennessee, or any municipal corporation or other political subdivision thereof that maintains a regular law enforcement department manned by regular and full-time employees and has established or hereafter establishes any form of compensation to be paid to such law enforcement officers for any condition or impairment of health which shall result in loss of life or personal injury in the line of duty or course of employment, there shall be and there is hereby established a presumption that any impairment of health of such law enforcement officers caused by hypertension or heart disease resulting in hospitalization, medical treatment or any disability, shall be presumed (unless the contrary be shown by competent medical evidence) to have occurred or to be due to accidental injury suffered in the course of employment. Any such condition or impairment of health which results in death shall be presumed (unless the contrary be shown by competent medical evidence) to be a loss of life in line of duty, and to have been in the line and course of employment, and in the actual dis-charge of the duties of his position, or the sustaining of personal injuries by external and violent means or by accident in the course of employment and in line of duty. Provided, however, that such law enforcement officers shall have successfully passed a physical examination prior to such claimed disability, or upon entering his governmental employment and such examination fails to reveal any evidence of the condition of hypertension or heart disease."

■ We are of the opinion that once the prerequisites of T.C.A. Section 6–639 are met the presumption standing alone is sufficient to establish the disability was the result of an ". . . injury by accident . . . ." See Brewer v. Aetna Life Insurance Company, Tenn., 490 S.W.2d 506 (1973).

Having thus decided, we must determine if the prerequisites of T.C.A. Section 6–639 were met and determine if there is material evidence to support the conclusion that the presumption was not rebutted by competent medical evidence.

T.C.A. Section 6–639 provides three prerequisites which must be met before the presumption arises; it must be established that: (1) the disabled employee was employed by a regular law enforcement department manned by full-time employees; (2) the employee suffered a disability resulting from hypertension or heart disease; and (3) prior to such claimed disability, the individual had a physical examination which did not reveal heart disease or hypertension.

■ The record shows that the prerequisites were met in this case; therefore, plaintiff is entitled to the benefit of the presumption.

In order to determine if the presumption was rebutted by competent medical evidence, it is necessary to review briefly not only the medical testimony but also other salient facts.

The evidence shows that on the afternoon of April 1, 1972, plaintiff suffered chest pain but the pain subsided and he reported for work at the 11:00 P.M. shift. Plaintiff's duties on this particular night consisted of patrolling certain sections of the City making sure the doors of various business establishments were securely locked. This duty required him to alight from his car on numerous occasions during the course of the night.

Between one and two o'clock A.M., while checking the locks at a business establishment, plaintiff again suffered a pain in his chest. Plaintiff managed to return to his automobile, but thereafter fainted. Upon regaining consciousness, he drove to the police headquarters and reported his condition. The following morning he entered the Oak Ridge hospital.

After his arrival at the hospital, plaintiff was treated by Dr. C. W. Sensenbach. Dr. Sensenbach was of the opinion plaintiff was suffering from arteriosclerotic heart disease and on the dates in question he had an occlusion of one of the coronary arteries that led to an infarction of the myocardium. Dr. Sensenbach's opinion was that the attack began on the afternoon of April 1, 1972, then subsided and occurred again around two o'clock A.M., on April 2, at which time plaintiff fainted.

Both the Attorney for plaintiff and the Attorney for defendants attempted to get Dr. Sensenbach to make a direct statement regarding whether there was a causal connection between the infarction suffered by plaintiff and the strain of his work.

Dr. Sensenbach testified as follows:

"Q. If he had the beginning of this attack say at 3:00 in the afternoon the day before he was admitted, and continued sporadically to have these pains, would doing work that is exhausting have been good for that condition or not, or would it have aggravated the condition?

"A. It wouldn't have been good for him.

"Q. It would not have been?

"A. I would not advise one with this sort of trouble to have done that, but I don't think it did him any harm because, as I said, he couldn't have had a better course. Fortunately, I don't think it hurt him, but it is not the sort of thing you would like to see.

"Q. With that condition that he had, this areteriosclerotic disease, would heavy work have been good for that or bad?

"A. No kind of physical exertion is good during the acute phase when injury is there.

"Q. In other words, after it started any work would have aggravated it?

"A. Rest, pretty much complete rest, until the acute phase is over is the best.

"Q. I may be repeating myself, but assuming that he had this beginning in the afternoon of the day before he was admitted to the hospital, which would have been April 1st.

"A. I don't think it did him any good to wait 18 hours to come to the hospital.

"Q. But I am talking about would it have been good or bad for him to have performed exhausting work?

"A. It might have; it certainly might have.

"Q. You would not recommend it?

"A. I would not recommend it. He should have gone to bed right then, should have been put to bed."

■ Based upon the statements of Dr. Sensenbach, his testimony being the only medical evidence introduced, we cannot say the presumption of T.C.A. Section 6–636 was rebutted.

Since the presumption was not overcome by the medical testimony, we must overrule defendants' assignment of error that the evidence did not establish a causal connection between plaintiff's disability and his

employment; the presumption having supplied the causal connection. This conclusion makes it unnecessary for us to decide if the causal connection was otherwise established by material evidence.

The judgment of the trial judge is affirmed. Defendants are taxed with the cost.

DYER, C. J., McCANLESS and FONES, JJ., and LEECH, Special Justice, concur.