SHELBY MUTUAL INSURANCE
COMPANY, Appellant,

v.

Margie DUDLEY, Executrix of the
Estate of E. W. Dudley, Appellee.

Supreme Court of Tennessee.

Nov. 27, 1978.

Thomas H. Rainey, Menzies, Rainey &
Kizer, Jackson, for appellant.

T. Robert Hill, Hill & Sanders, Jackson,
for appellee.

## OPINION

COOPER, Justice.

Shelby Mutual Insurance Company has appealed from the decree of the Chancery Court of Madison County awarding Margie M. Dudley workmen's compensation benefits for the death of her husband, Ewel W. Dudley. Appellant primarily insists there is no material evidence to support the decree.

Appellant is the workmen's compensation insurance carrier for the Madison County Department of Education, for whom Mr. Dudley was working at the time of his death. Mr. Dudley was a part-time custodian at the Southside High School. A part of Mr. Dudley's work assignment was the daily opening of the high school at approximately 7:00 a. m. and the cleaning of bathrooms and designated classrooms prior to the beginning of classes for the day. On the morning of September 13, 1976—his fifth day on the job—Mr. Dudley was observed unlocking and entering the school building at the assigned time. A substitute teacher found Mr. Dudley on the floor of a classroom at approximately 8:20 a. m. A dust mop was nearby. The condition of the classroom indicated that Mr. Dudley had moved one row of desks and had made one pass across the room with the dust mop. Mr. Dudley was immediately taken to the local hospital where he was pronounced "dead on arrival."

Some four months thereafter, on motion of appellant, an autopsy was performed by Dr. James Bell, an associate professor of pathology at the University of Tennessee Medical School and Deputy Medical Examiner for the State of Tennessee. The autopsy report showed that "death [of Mr. Dudley] was the result of a heart attack. The blood alcohol was 0.09% ethyl and 0.11 methyl on this embalmed individual."

This court has repeatedly pointed out that there is no iron-clad rule which calls for payment of benefits under the Workmen's Compensation Law where an employee suffers a heart attack while at work and for the denial of benefits where the employee suffers a heart attack while on the way home from work. The key to the recovery or denial of benefits is whether the heart attack is precipitated by the physical activity and exertion of the employee's work. *Kingsport Press, Inc. v. Van Huss*, 547 S.W.2d 572 (Tenn.1977); *Lawrence County Highway Department v. Hardiman*, 531 S.W.2d 792 (Tenn.1975).

"If so, an employee who dies in the course of his employment as a result of a heart attack, although suffering from a previous heart disease, is covered under the Workmen's Compensation Act even if the result was produced by ordinary exertion and usual strain of the work. *Lawrence County Highway Department v. Hardiman, supra*; *Coleman v. Coker*, 204 Tenn. 310, 321 S.W.2d 540 (1959). But where the heart attack is not brought on by the work which the employee was doing, or by some external happening in the course of the employment, the employee's death is not covered by the Workmen's Compensation Act. *See Chapman v. Aetna Casualty and Surety Co.*, 221 Tenn. 376, 426 S.W.2d 760 (1968); *Travelers Insurance Company v. Googe*, 217 Tenn. 272, 397 S.W.2d 368, 371 (1965).

"And, as summed up in *R. E. Butts Co. v. Powell*, 225 Tenn. 119, 463 S.W.2d 707 (1971),

'The issue upon which cases of this nature are determined is factual; that is, whether the employee experienced the disabling injury which may have accelerated an existing disease while at work on the job. If so, this Court has held in numerous cases that the injury is accidental and compensable under our Workmen's Compensation statutes, even though the employee was not engaged in any spectacularly unusual strain or extraordinary exertion.' " *Kingsport Press, Inc. v. Van Huss*, 547 S.W.2d 572, 573 (Tenn.1977)

In the trial, in addition to the facts set out above, it was brought out that Mr. Dudley had had two heart attacks prior to his employment by the Madison County Board of Education and that he had fully disclosed his physical condition to his employer on making application for employment. His employer also knew that Mr. Dudley had not been employed for approximately a year and a half before accepting his position as part-time custodian. On the positive side of the ledger, it was shown that Mr. Dudley was in the habit of helping his wife perform the usual household chores, and often worked in his yard and on his house. These activities, by their nature, were intermittent and not sustained for extended periods of time.

With this background, a prominent cardiologist called as an expert witness by the defendant expressed the opinion that Mr. Dudley's activities on the morning of his death were less than those Mr. Dudley was normally accustomed to doing around his home, and that absent any stress or emotional involvement the workload on the morning in question would not be likely to aggravate or precipitate Mr. Dudley's death or aggravate his heart disease.

On the other hand, Dr. Bell testified that in light of Mr. Dudley's physical condition, any type of exertion could be sufficient to cause his death. And, on being specifically asked if sweeping the floor and moving furniture could be sufficient, Dr. Dell testified:

A. That would be an exertion effort and if he was hurrying and with a lot of furniture to move in a short amount of time, lifting heavy furniture, I would say yes, that could be enough exertion to produce a heart attack.

The chancellor concluded there was a causal connection between Mr. Dudley's activities at work and his fatal heart attack. In our opinion, and as noted by the chancellor, Dr. Bell's testimony on the issue of causation is material and supports the chancellor's finding.

Appellant insists that the chancellor's evaluation of evidence bearing on the issue

of causation, especially the medical testimony, was erroneous. In workmen's compensation cases, issues of credibility of witnesses and the weight to be given evidence is peculiarly the function of the trial judge. The review by this court is limited to a determination of whether there is any material evidence in the record to support the chancellor's findings, not where the preponderance of the evidence lies. And if there is any evidence in the record to support the chancellor's findings, we are bound to accept them. *Cassell Bros., Inc. v. Cole*, 519 S.W.2d 796 (Tenn.1975).

In the instant case, there was direct evidence that prior to his fatal heart attack Ewel W. Dudley moved desks and had swept one aisle in the room where his body was found, and there is medical testimony that the exertion required of Mr. Dudley could be enough to produce a heart attack. The chancellor accepted this testimony and we are bound by his findings since they are supported by evidence.

Appellant has cited us to numerous cases where the trial court, and on appeal this court, have found that work activity of an employee was not a contributing factor to a heart attack. We see no need to discuss each case individually. They do no more than emphasize the fact that where there is conflicting medical testimony on the issue of causation, this court is bound to accept the finding of the trial judge on the issue.

Decree affirmed. Costs are adjudged against Shelby Mutual Insurance Company.

HENRY, C. J., and FONES, BROCK and HARBISON, JJ., concur.