**Harold Ray PERRY, Plaintiff–Appellee,**

v.

**CITY OF KNOXVILLE, Defendant–
Appellant.**

Supreme Court of Tennessee,
at Knoxville.

Oct. 14, 1991.

K. Dickson Grissom, Deputy Law Director, City of Knoxville, Knoxville, for defendant-appellant.

1. See appendix for text of statute.

J. Anthony Farmer, Ray, Farmer, Eldridge and Hickman, Knoxville, for plaintiff-appellee.

OPINION

DROWOTA, Justice.

Plaintiff-Appellee, Harold Ray Perry, a police officer employed by the Knoxville Police Department since 1972, brought this workers' compensation action against the City of Knoxville for injuries arising out of his employment. Plaintiff relies upon a presumption granted Tennessee law enforcement officers under T.C.A. § 7–51–201(a)(1).[1] The Chancellor found that the Plaintiff had established a prima facie case under the statute and that the City had not met its burden of showing that Plaintiff's disability was not work-related. The Defendant contends that the trial court misapplied the presumption and failed to correctly find where the preponderance of the evidence lay.

Plaintiff spent his first five years with the Police Department as a patrol officer, and the next five years in the detective bureau. Since 1982, he has been assigned as an operations supervisor (patrol sergeant). In September, 1988, Sgt. Perry and his supervisor had a heated argument concerning Plaintiff's work. Approximately ten days after the confrontation, Sgt. Perry suffered what was later diagnosed as a myocardial infarction for which he later underwent heart by-pass surgery. Plaintiff, age 45, testified as to the limitations placed on him by his heart disease that limited his effectiveness at work and his activities outside work.

On appeal, the Defendant challenges the trial court's findings as to causation and disability. Defendant contends that the evidence does not support the Chancellor's findings and conclusions. The Defendant first avers that the trial court erred in applying the presumption created by T.C.A. § 7–51–201(a)(1); however, if the presumption does in fact apply, then Defendant contends that it overcame the presumption.

As this Court stated in *Bacon v. Sevier County,* 808 S.W.2d 46, 49 (Tenn.1991), an-

alyzed causationally, heart attack cases may be categorized into two primary groups: those that are precipitated by physical exertion or strain, and those resulting from stress, tension, or some type of emotional upheaval. A third category is available for law enforcement officers and firemen under the presumption created by T.C.A. § 7–51–201(a)(1) (1990). Under the statute, the employee need not present evidence as to causation "unless the contrary be shown by competent medical evidence."

■ In the case before us the trial court found no exertion or dramatic incident close enough in point of time to establish causation and therefore this claim would not be compensable in the absence of the statutory presumption. Thus the question is whether or not under that presumption the Plaintiff is entitled to recover.

In order for the statutory presumption to arise, three prerequisites must be satisfied: the employee must be employed by a regular law enforcement department manned by full time employees; the employee must have suffered a disability resulting from hypertension or heart disease; and such law enforcement officer shall have successfully passed a physical examination prior to such claimed disability or upon entering his government employment, and such examination failed to reveal any evidence of the condition of hypertension or heart disease. T.C.A. § 7–51–201.

In *City of Oak Ridge v. Campbell*, 511 S.W.2d 686 (Tenn.1974), the plaintiff was a police officer who suffered a myocardial infarction while at work. His duties included checking the locks at local business establishments. Testimony elicited from the treating physician failed to establish a causal connection between plaintiff's work and his heart disease. There was no showing of physical exertion or strain the evening Plaintiff suffered chest pains. However, because of the statutory presumption, the Court found that the plaintiff did not have the burden of establishing a causal connection between his disability and his employment. Absent medical evidence to the contrary, the presumption alone was sufficient to supply the causal connection.

In the present case, Defendant concedes that the first two prerequisites of the statute have been satisfied, however, the City contends Plaintiff has failed to satisfy the third element.

Plaintiff avers that the basis for requiring a successful physical examination is to eliminate hypertension or heart disease that may have preceded the police officer's law enforcement employment. Plaintiff's heart disease was not diagnosed until his disability arose in 1988, and his hypertension was not diagnosed until 1981.[2] Since his employment in 1972, Plaintiff has undergone annual physical examinations, none of which have disclosed either heart disease or hypertension. Since physical exams prior to his claimed disability demonstrate that neither heart disease nor hypertension predated his employment, the Plaintiff has satisfied the third prerequisite giving rise to the presumption.

The Chancellor found "by the language of the presumption, it exists and continues until overcome by competent medical evidence." He found that the Legislature intended to require that where there is a heart attack which occurs at work for a police officer, it is a compensable injury unless it can be shown that there is no work connection. The Chancellor further found that the statutory presumption requires "affirmative evidence that there is not a substantial causal connection between the work of the police officer and his heart attack and heart condition." He then found that under the expert testimony of Dr. John Christopher Scott, a cardiologist, "it must be concluded that there was a factor of contribution to the heart attack by the officer's work and that a number of other factors, such as smoking, lack of exercise, improper eating, contributed to the heart condition; but that falls short of showing by competent medical evidence as required under the statute that the hypertension or heart disease did not result from the employment." The Chancellor concluded by finding that the Plaintiff had estab-

---

**2.** Hypertension and heart disease are two distinct conditions. Dr. McKenzie established that Plaintiff's heart disease went undiagnosed until his myocardial infarction in 1988. The diagnosis of hypertension in 1981 would not preclude the presumption.

lished a prima facie case under the statute and that the City did not meet its burden of showing that it was not work related.

The scope of review by this Court pursuant to T.C.A. § 50–6–225(e) (1990) is *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the findings below, unless the preponderance of the evidence is otherwise. We find that Plaintiff, having satisfied all three prerequisites under the statute, was entitled to the presumption that his heart disease was causally connected to his employment as a Knoxville police officer and the burden of proof shifted to the Defendant to prove that Plaintiff's employment did not cause his heart attack. This, Defendant failed to do. The evidence does not preponderate against the trial court's finding of causation under the applicable statute.

■ The Defendant's final contention is that the evidence does not support the award of the trial court. Based on Dr. Scott's determination that Plaintiff has a 30 to 50 per cent impairment of the whole person and based upon Plaintiff's testimony that the heart attack has left him with certain limitations and that he has problems doing anything physical, we do not find that the evidence preponderates against the trial court's conclusion. Defendant, in its brief, argues that Plaintiff has returned to work as an operation supervisor and that there is no evidence that he has suffered any loss of pay. During oral argument, counsel for Defendant conceded, however, that an employee's returning to his job and performing the same tasks as before his injury is but one factor to be considered by the trial judge. In *Corcoran v. Foster Auto GMC, Inc.*, 746 S.W.2d 452, 458 (1988), we addressed the same argument and stated: "In determining vocational disability, the question is not whether the employee is able to return to the work being performed when injured, but whether the employee's earning capacity in the open labor market has been diminished by the residual impairment caused by a work-related injury." After careful consideration of the record, we affirm the trial court's

disability rating of 50 percent disability to the body as a whole.

Appellee has moved this Court for a declaration that the appeal in this case is frivolous and for damages provided in T.C.A. § 27–1–122 (1980). We are of the opinion that a frivolous appeal is not justified in this case. The judgment of the trial court is affirmed. Costs are taxed to the Appellant.

REID, C.J., and O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.

## APPENDIX

**7–51–201. Law enforcement officers and firemen—Compensation for injury or death—Certain disabilities presumed to have been suffered in course of employment.**—(a)(1) Whenever the state of Tennessee, or any municipal corporation or other political subdivision thereof that maintains a regular law enforcement department manned by regular and full-time employees and has established or hereafter establishes any form of compensation to be paid to such law enforcement officers for any condition or impairment of health which shall result in loss of life or personal injury in the line of duty or course of employment, there shall be and there is hereby established a presumption that any impairment of health of such law enforcement officers caused by hypertension or heart disease resulting in hospitalization, medical treatment or any disability, shall be presumed (unless the contrary be shown by competent medical evidence) to have occurred or to be due to accidental injury suffered in the course of employment. Any such condition or impairment of health which results in death shall be presumed (unless the contrary be shown by competent medical evidence) to be a loss of life in line of duty, and to have been in the line and course of employment, and in the actual discharge of the duties of his position, or the sustaining of personal injuries by external and violent means or by accident in the course of employment and in line of duty. Provided, however, that such law enforcement officers shall have successfully passed a physical examination prior to such claimed disability, or upon entering his governmental employment and such examina-

tion fails to reveal any evidence of the condition of hypertension or heart disease.