Donald George COFFEY,
Plaintiff–Appellant,

v.

CITY OF KNOXVILLE and Sue Ann
Head, Defendants–Appellees.

Supreme Court of Tennessee,
Special Workers' Compensation
Appeals Panel, at Knoxville.

Aug. 2, 1993.

Rehearing Denied Oct. 28, 1993.

J. Anthony Farmer, Knoxville, for appellant.

Mary K. Longworth, Asst. City Atty., Knoxville, for appellee, City of Knoxville.

Charles W. Burson, State Atty. Gen. & Reporter, and Dianne Stamey Dycus, Asst. State Atty. Gen., Nashville, for appellee, Sue Ann Head.

## MEMORANDUM OPINION

*Members of Panel:*

E. RILEY ANDERSON, Justice, Supreme Court, JOHN K. BYERS, Senior Judge, WILLIAM M. DENDER, Senior Judge.

BYERS, Senior Judge.

This workers' compensation appeal has been referred to the Special Workers' Compensation Appeals Panel of the Supreme Court in accordance with Tenn.Code Ann. § 50–6–225(e)(3) for hearing and report to the Supreme Court of finding of facts and conclusion of law.

The plaintiff in this case was employed for many years as a police officer for the City of Knoxville. On June 26, 1990, the plaintiff was on duty from 8:00 a.m. until 6:00 p.m. At 11:00 p.m., the plaintiff awoke and arose from bed. At this time or just prior to this, he suffered a stroke.

The plaintiff relied upon the presumption set out in Tenn.Code Ann. § 7–51–201(a)(1) in the trial court to support his claim that he was entitled to recover workers' compensation benefits. The chancellor held the presumption had been rebutted by the defendant and denied coverage.

The controlling issue here is whether the evidence preponderates against the finding of the trial judge that the presumption created by Tenn.Code Ann. § 7–51–201(a)(1) had been rebutted. We find the evidence preponderates against the finding and we reverse the judgment of the trial court and remand this case to the trial court for further proceedings.

Before a plaintiff can rely upon the statutory presumption created by Tenn.Code Ann. § 7–51–201(a)(1) it must be shown the employee was employed by a regular law enforcement department, the employee suffered a disability resulting from hypertension or heart disease, and prior to such claimed disability, the individual had a physical examination which did not reveal heart disease or hypertension. *Bacon v. Sevier County,* 808 S.W.2d 46, 48 (Tenn.1991); *City of Oak Ridge v. Campbell,* 511 S.W.2d 686, 688 (Tenn.1974). There is no dispute concerning the existence of the first two of the three prerequisites to applicability of the presumption. As to the third requirement, the defendant insists there is no evidence that the plaintiff underwent a physical examination, which showed him to be free of heart disease or hypertension. However, the plaintiff testified, without objection, that he was given a physical examination by the City and that he was not advised of hypertension. This was in April of 1967. The plaintiff further testified he had several annual physical examinations on directions of the defendant and that he was never informed he had hypertension. From the record in this case, it appears the first knowledge the plaintiff had of any hypertension which he suffered was in 1983 or 1984. His personal physician informed him of this. There is no evidence to refute the testimony, and we conclude the third requirement for application of the presumption was met by the plaintiff.

## THE MEDICAL PROOF

Dr. Robert Chironna, a treating physician, testified the plaintiff suffered a stroke which left him with left-side paralysis and with behavioral problems. Dr. Chironna testified it was his opinion that the work of the plaintiff as a policeman contributed to the hypertension which he suffered. Further, Dr. Chironna testified hypertension is a significant risk factor in strokes and it was likely this played a role in the plaintiff's stroke.

Dr. Chironna testified that smoking cigarettes, high cholesterol, and high triglycerides in the blood would also contribute to strokes. The plaintiff smoked two packs of cigarettes daily, and had elevated cholesterol and triglyceride counts.

Dr. Berta M. Bergia, a neurologist, reviewed the records concerning the plaintiff's stroke and testified that hypertension suffered by the plaintiff contributed to the stroke which he suffered.

Dr. Bergia further testified that hypertension, by reason of the effect upon the blood vessels, "It is one of the major causes of stroke, well defined cause of stroke," and that the plaintiff's history of hypertension convinced her this contributed to the plaintiff's stroke.

Dr. Bergia testified that cigarette smoking and elevated triglyceride and cholesterol counts would also contribute further to the stroke suffered by the plaintiff.

## DEFENDANT'S MEDICAL PROOF

Dr. James D. Yates, a cardiologist, reviewed the medical records of the plaintiff and testified the stroke was a result of atherosclerosis attributable to risk factors of cigarette smoking, high blood lipids, hypertension, obesity and a sedentary life style. Dr. Yates rated the major factors causing the stroke to be cigarette smoking, high cholesterol and high triglyceride.

Dr. Yates testified he could not eliminate hypertension as a contributory cause nor could he determine the cause of the hypertension.

Dr. Yates further testified he did not think the stroke arose out of and in the course of the plaintiff's employment. However, we think this was incompetent testimony based upon an improper question, which we will further explain at a following portion of this opinion.

Dr. Lee R. Dilworth, cardiologist, also reviewed the medical records of the plaintiff and testified essentially the same as Dr. Yates as to risk factors which contributed to strokes, including high blood pressure, high cholesterol and smoking. Dr. Dilworth's opinion about the stroke not arising out of and in the course of the plaintiff's employment as a police officer was, as was Dr. Yates' opinion, based upon what we consider incompetent opinion testimony elicited by an improper question, and the discussion of the testimony and questions will be included as we discuss the Yates' testimony and question.

## IMPROPER OPINION TESTIMONY BY DR. YATES AND DR. DILWORTH

■ Prior to the taking of the deposition of Dr. Yates and Dr. Dilworth, counsel for the defendant-appellee furnished letters to each, setting out the legal definition of "arising out of and in the course of employment" and asking for a formulation of an opinion as to the strokes suffered by the plaintiff-appellant within that context. At the taking of the deposition of these doctors, the question in the same context was presented to them. Based on this hypothesis, the doctors testified they did not believe the stroke arose out of and in the course of the plaintiff-appellant's employment as a police officer.

Dr. Dilworth, on cross-examination, concluded that the term "proximate cause" was not a medically recognized term.

The plaintiff-appellant characterized this testimony as being inadmissible because it calls for testimony upon an ultimate issue of law. The defendant-appellee characterized the testimony as being admissible as only an ultimate issue of fact as permitted by Tenn. R.Evid. 702, 704.

■ We agree with the plaintiff-appellant that the question posed to these doctors and the response given were improper and should not be considered by the trial court because they called for an opinion upon a

legal conclusion rather than an opinion of fact. Tenn.R.Evid. 704, as we understand it, allows the opinion of an expert to reach an ultimate fact, if it establishes: (1) conclusions that may be reached upon what causes a particular fact to exist, or (2) the existence of a fact, which may be the ultimate fact sought to be proven. However, this does not permit the expert witness to express an opinion as to the applicable legal conclusion to be drawn from the ultimate fact proven. *See U.S. v. Scop*, 846 F.2d 135 (2nd Cir.1988); *see also* Cohen, Paine & Sheppard, *Tennessee Law of Evidence*, 2d ed., pp. 364–366 (1990). The legal conclusions to be drawn from facts is a judicial function and only the court may reach legal conclusions. This testimony was incompetent and should not have been allowed.

Based upon the testimony in this case, we find the plaintiff-appellant suffered a stroke on the date indicated. We find from the testimony of all of the doctors called by the plaintiff-appellant and the defendant-appellee that hypertension was a contributing factor in the occurrence of the stroke. Further, we find the plaintiff-appellant has shown the presumption created by Tenn.Code Ann. § 7–51–201 is applicable to this case.

The question now resolves itself into whether the evidence preponderates against the finding of the trial judge that the presumption created by the statute has been overcome.

■ Whether the presumption has been overcome must be determined upon the weight to be given the testimony of the expert witnesses. The defendant-appellee asserts the trial judge weighed the credibility of the witnesses in reaching his conclusion and that this should be accepted by us with a presumption of correctness. *Cf. Thomas v. Aetna Life Ins. & Casualty Co.*, 812 S.W.2d 278 (Tenn.1991). However, when all of the medical evidence is based upon deposition testimony this Court is as able to weigh the testimony in the same manner as the trial judge and may determine the weight to be given thereto.

■ When an employee shows he is entitled to the application of Tenn.Code Ann. § 7–51–201(a)(1), the presumption which arose thereunder "exists and continues until overcome by competent medical evidence." *Perry v. City of Knoxville*, 826 S.W.2d 114, 115 (Tenn.1991). There must be affirmative evidence that there is not a substantial causal connection between the work of the employee so situated and the occurrence upon which the claim for benefits is based. *Id.*

■ In the case before us, the plaintiff's doctor testified the hypertension suffered by the plaintiff was the predominate cause of the stroke suffered by him. These doctors were of the opinion the plaintiff's life style also contributed thereto.

The defendant's doctors testified the plaintiff's use of cigarettes and his life style was the predominate cause of the stroke. These doctors further testified hypertension was a contributory cause.

Based upon this we conclude the defendant, whose burden it was to refute the presumption created by Tenn.Code Ann. 7–51–201(a)(1), has failed to do so.

We, therefore, reverse the judgment of the trial court and remand the case to the trial court. The trial court shall enter a judgment for the plaintiff and shall determine the amount of disability to which the plaintiff is entitled and the trial court shall determine, and order all the benefits the plaintiff is entitled to under the Workers' Compensation Act.

The costs of this case are taxed to the defendant-appellee.

ANDERSON, J., and WILLIAM M. DENDER, Senior Judge, concur.

## ON PETITION FOR REHEARING

[October 28, 1993]

Petition for rehearing denied.