Charles E. STONE, Plaintiff–Appellee,

v.

CITY OF McMINNVILLE, Tennessee, Defendant–Appellant.

Supreme Court of Tennessee,
at Nashville.

March 20, 1995.

Daniel H. Rader, III, Moore, Jones, Rader, Clift & Fitzpatrick, P.C., Cookeville, for appellant.

Robert S. Peters, Swafford, Peters & Priest, Winchester, for appellee.

## OPINION

BIRCH, Justice.

The Special Workers' Compensation Appeals Panel reversed the trial court's award of benefits to a McMinnville police officer who had suffered a heart attack. At issue is whether the heart attack was an accidental injury suffered in the course of employment, which, of course, is a prerequisite for the payment of benefits. We find that it was not and affirm the Panel's findings of fact and conclusions of law.

The plaintiff/appellee, Charles Stone, began working for the City of McMinnville as a police officer in 1973. On March 25, 1989, the day of the heart attack, he was fifty years old and had attained the rank of lieutenant. During a work break that day, Stone felt as though he was having indigestion. When he arrived home, his wife, a nurse, observed that he was sweating profusely. She took him to a local hospital where physicians determined that he had experienced a heart attack. He was stabilized and transferred to a hospital in Nash-

ville the following day. In Nashville, tests revealed advanced arteriosclerotic (thickening and hardening of the arterial walls) heart disease. Quintuple bypass surgery was performed and Stone ultimately made a complete recovery.

Stone testified at trial that he had been off-duty the day preceding the heart attack; he stipulated that the attack had not been precipitated by a specific physical or emotional stress. To prove that the heart attack was an accidental injury suffered in the course of employment, he relies solely on the statutory presumption of causation in Tenn. Code Ann. § 7–51–201(a)(1), which provides:

> Whenever the state of Tennessee, or any municipal corporation or other political subdivision thereof that maintains a regular law enforcement department manned by regular and full-time employees and has established or hereafter establishes any form of compensation to be paid to such law enforcement officers for any condition or impairment of health which shall result in loss of life or personal injury in the line of duty or course of employment, there shall be and there is hereby established a presumption that any impairment of health of such law enforcement officers caused by hypertension or heart disease resulting in hospitalization, medical treatment or any disability, shall be presumed (unless the contrary is shown by competent medical evidence) to have occurred or to be due to accidental injury suffered in the course of employment. Any such condition or impairment of health which results in death shall be presumed (unless the contrary be shown by competent medical evidence) to be a loss of life in line of duty, and to have been in the line and course of employment, and in the actual discharge of the duties of such officer's position, or the sustaining of personal injuries by external and violent means or by accident in the course of employment and in line of duty. Such law enforcement officer shall have successfully passed a physical examination prior to such claimed disability, or upon entering governmental employment and such examination fails [sic] to reveal any evidence of the condition of hypertension or heart disease.

Stone contends that the above-quoted statute creates a conclusive presumption that his heart disease was caused by his employment. The City of McMinnville insists that the presumption is rebuttable by competent medical proof and, in this case, was, in fact, overcome by such proof.

■ Before Stone can rely upon the statutory presumption created by Tenn.Code Ann. § 7–51–201(a)(1), he must show at the threshold that (1) he was employed by a regular law enforcement department, (2) he suffered from hypertension or heart disease resulting in hospitalization, medical treatment or disability in the course of employment, and (3) prior to such claimed injury, he had been given a physical examination which did not reveal heart disease or hypertension. *Coffey v. City of Knoxville*, 866 S.W.2d 516, 517 (Tenn.1993); *City of Oak Ridge v. Campbell*, 511 S.W.2d 686, 688 (Tenn.1974). Once these prerequisites are met, the presumption "exists and continues until overcome by competent medical evidence." *Coffey v. City of Knoxville*, 866 S.W.2d at 519; *Perry v. City of Knoxville*, 826 S.W.2d 114, 115 (Tenn. 1991). To overcome the presumption, there must be affirmative evidence that there is not a substantial causal connection between the work of the employee so situated and the occurrence upon which the claim for benefits is based. *Coffey v. City of Knoxville*, 866 S.W.2d at 519; *Perry*, 826 S.W.2d at 115. In order to determine whether the presumption was overcome by competent medical proof, we must review not only the medical evidence but also other salient proof adduced in the case.

■ We review this matter *de novo* upon the record of the trial court with a presumption that the findings below are correct unless the preponderance of the evidence is otherwise. *Perry*, 826 S.W.2d at 116. The general rule in Tennessee is that the burden of proof never shifts but remains throughout the trial where it was in the first instance unless and until the party having the burden establishes a *prima facie* case. At that point the burden shifts to the opposing party to present countervailing evidence. *Nichols v. Nichols*, 792 S.W.2d 713 (Tenn.

1990). A rebuttable presumption such as that created by Tenn.Code Ann. § 7–51–201(a)(1) may be used to assist a party having the burden of proof by providing some of the elements of a *prima facie* case.

■ After reviewing the evidence in this case, it is clear that Stone has met requisites (1), (2), and (3) of Tenn.Code Ann. § 7–51–201(a)(1); that is, he was a full-time employee of the McMinnville Police Department, he suffered an injury, and prior to his employment he underwent a physical examination which did not reveal the presence of heart disease or hypertension. Thereby, with the aid of the presumption created in Tenn.Code Ann. § 7–51–201(a)(1), Stone has presented a *prima facie* case. Thus, the burden shifts to the City of McMinnville.

The evidence shows that three physicians examined Stone or his medical record and gave depositions in this case. Joseph Boyd, M.D., a cardiologist at Saint Thomas Hospital in Nashville, examined Stone approximately two years after the heart attack. While he would not specifically exclude job stress as a factor in Stone's heart disease and heart attack, Boyd testified that the effect of stress and one's work environment on heart disease was open to considerable medical dispute. He testified that it was far more likely that Stone's hypercholesterolemia (high cholesterol levels in the blood), hypertension (high blood pressure), and cigarette smoking caused the onset of heart disease—not Stone's work environment. When asked directly, Boyd stated that "his employment had minimal to no causative effect on his heart attack.... If there was no stressful event occurring at the time of infarction, I would think that it would have no relation to his heart attack." Furthermore, Boyd felt that in light of Stone's complete recovery from the incident, he retained no impairment nor was he restricted in his activities.

Andrew Carlsen, M.D., employed by Parkview Hospital in Nashville, was the treating cardiologist. He testified that he could not medically connect Stone's heart disease to his employment. Carlsen stated that although research had shown a correlation between high blood pressure, lipids (fats), smoking, and heart disease, the effect of stress on heart disease was still a matter of conjecture. He testified that Stone had those three enumerated risk factors, and those factors were likely related to his heart disease. As to Stone's disability, Carlsen testified that there was none.

Taylor Wray, M.D., a cardiologist at Baptist Hospital in Nashville, reviewed Stone's medical records and gave a deposition on behalf of the City of McMinnville. Wray opined that cigarette smoking, obesity, and high blood pressure were the three primary causative factors in Stone's heart disease. In Wray's opinion, there was no relationship between his job as a police officer and his heart attack. According to Wray, the link between work-related stress and the development of heart disease is very weak. In this particular case, Wray testified that job stress as the cause of Stone's heart attack was not a scientifically or medically supportable conclusion. Wray stated unequivocally that Stone's job as a police officer for the City of McMinnville had nothing to do with his heart attack.

Further, Stone stipulated that there was no specific stressful event that preceded his heart attack. He did not work the day before the attack, and the day during which the attack occurred had been routine. At that time, and for the preceding twenty years, Stone had smoked approximately thirty cigarettes a day. He was approximately twenty pounds overweight, and he also suffered from hypertension, for which he took medication daily. After the attack and subsequent surgery, Stone quit smoking, lost the excess weight, and began exercising. According to the physicians who testified, Stone had recovered from the attack to the extent that he was able to return to his police duties on a full-time basis with no restrictions.

Contrary to Stone's perception of the testimony, each of the three physicians opined that under the facts of this case, it was far more likely that heredity and lifestyle were the causes of his heart disease—not general job stress. While none was willing to testify with absolute certainty that job stress was not a factor in causing heart disease and hypertension in general, each agreed that to a reasonable medical certainty *under the*

*facts of the claimant's case,* job stress was not a factor.

In the case under review, the presumption of causation was overcome by a preponderance of competent medical proof by three physicians who unanimously agreed that Stone's heart attack was not causally related to his employment. Furthermore, by Stone's own admission there was no specific physical or emotional incident which precipitated this attack.

Thus stripped of the benefit of the presumption, the burden of proving causation reverts to Stone, and the general rules of workers' compensation law now are applicable.

■ Analysis of causation in heart attack cases was succinctly summarized in *Bacon v. Sevier County,* 808 S.W.2d 46 (Tenn.1991):

Analyzed causationally, the heart attack cases may be categorized into two primary groups: those that are precipitated by physical exertion or strain and those resulting from stress, tension, or some type of emotional upheaval. When the precipitating factor is physical in nature, the rule is well settled that if the physical activity or exertion or strain of the employee's work produces the heart attack, or aggravates a preexisting heart condition, the resulting death or disability is the result of an accident arising out of and in the course and scope of the employment. *Shelby Mut. Ins. Co. v. Dudley,* 574 S.W.2d 43, 44 (Tenn.1978); *Kingsport Press, Inc. v. Van Huss,* 547 S.W.2d 572 (Tenn.1977); *Lawrence County Highway Department v. Hardiman,* 531 S.W.2d 792, 794 (Tenn. 1975); *Coleman v. Coker,* 204 Tenn. 310, 321 S.W.2d 540, 541 (Tenn.1959).... The causational key to recovery or denial of benefits turns on whether the disabling heart attack is precipitated by the physical activity or exertion or physical strain of the employee's job. *Shelby,* 574 S.W.2d at 44; *Kingsport Press,* 547 S.W.2d at 573;

*Lawrence County,* 531 S.W.2d at 794; *R.E. Butts [v. Powell],* 225 Tenn. 119, 463 S.W.2d [707] at 709 [1971]. In those instances where physical exertion is thought to have precipitated the attack, there is invariably medical proof of some specific act, incident, or event that either did, could have, or might have set off the attack. Aside from the decisional body of law summarized above dealing with physical exertion or strain producing the heart attack, there is the other line of cases that grapple with the situation involving heart attacks which are precipitated by emotional stress, worry, or tension without any physical exertion or strain.... [Viewing the] cases as a whole, it is obvious that in order to recover when there is no physical exertion, but there is emotional stress, worry, shock or tension, the heart attack must be immediately precipitated by a specific acute or sudden stressful event, rather than generalized employment conditions. [citing to *Sexton v. Scott County,* 785 S.W.2d 814, 816–17 (Tenn.1990); *Helton v. Food Lion, Inc.,* 738 S.W.2d 626, 628–29 (Tenn.1987); *Black v. State,* 721 S.W.2d 801, 802–03 (Tenn.1986); *Cabe v. Union Carbide Corporation,* 644 S.W.2d 397, 398–99 (Tenn. 1983); and *Allied Chemical Corp. v. Wells,* 578 S.W.2d 369, 372 (Tenn.1979)].... If the cause or stimulus of the heart attack is mental or emotional in nature, such as stress, fright, tension, shock, anxiety, or worry, there must be a specific, climatic event or series of incidents of an unusual or abnormal[1] nature if the claimant is to be permitted a recovery. A premium should be placed upon specificity and clarity in identifying that which constitutes the "accident" and upon demonstrating that such accident is directly attributable to the employment.

808 S.W.2d at 49–52.

This case is distinguishable from *Coffey v. City of Knoxville* and *Perry v. City of Knoxville* (both are cases in which police officers

---

1. Note that this requirement of a specific event of an "unusual or abnormal nature" for mental or emotional stress to be deemed a valid cause of a heart attack applies only to those cases that fall outside the presumption granted to police and firefighters in Tenn.Code Ann. § 7–51–201(a).

The claimant in *Bacon* was not a policeman or firefighter and thus not entitled to the presumption of causation. The rule would apply in cases such as this one, where the presumption of causation has been rebutted by competent medical proof.

successfully invoked the statutory presumption of causation.) In *Coffey*, the expert medical testimony offered to rebut the presumption was excluded by this Court because it violated the prohibition of Tenn.R.Evid. 704. 866 S.W.2d 516. In *Perry*, the medical proof was too weak to overcome the presumption. 826 S.W.2d 114.

■ Because the evidence preponderates against the trial court's conclusion that Stone's disability arose from an accident occurring within the scope of his employment with the City of McMinnville, the judgment of the trial court is reversed and the suit is dismissed. Costs in this appeal are taxed to the claimant/appellee.

ANDERSON, C.J., O'BRIEN, Special Justice, and REID, J., concur.

DROWOTA, J., not participating.