Sylvia G. WINGERT, as widow of
Edward Eugene Wingert,
Plaintiff,

v.

GOVERNMENT OF SUMNER COUNTY,
Tennessee; Sumner County Sheriff's De-
partment and Richard Sutton, Sheriff of
Sumner County, Tennessee, Defendants.

Supreme Court of Tennessee,
Special Workers' Compensation Appeals
Panel, at Nashville.

Oct. 5, 1995.

James C. Bradshaw, III, Wyatt, Tarrant &
Combs, Hendersonville, for Appellants.

James S. Bramell, McGovern & Bramell,
Nashville, for Appellee.

*Members of Panel:* FRANK F.
DROWOTA, III, Associate Justice, Supreme
Court, JOE C. LOSER, Jr., Retired Judge,
and ROBERT S. BRANDT, Special Judge.

*MEMORANDUM OPINION*

*Mailed July 5, 1995*

JOE C. LOSER, Jr., Judge.

This workers' compensation appeal has
been referred to the Special Workers' Com-
pensation Appeals Panel of the Supreme
Court in accordance with Tenn.Code Ann.
section 50–6–225(e)(3) for hearing and re-
porting of findings of fact and conclusions of
law. In this appeal, the employer, Sumner
County, questions the trial court's finding
that the employee's heart attack was com-
pensable under the Tennessee Workers'
Compensation Act (the Act). The panel finds
that the evidence preponderates against a
finding that the employee's heart attack was
an injury by accident arising out of and in
the course of his employment.

The claimant, Sylvia C. Wingert, is
the widow of the employee, Edward Eugene
Wingert, who died on June 7, 1992. At the
time of his death, Mr. Wingert was employed
by the Sumner County Sheriff's Department,
where his duties consisted of serving war-
rants and answering calls.

The claimant and employee left Sumner County on June 2, 1992 and arrived in Atlanta, Georgia on the same day. For the next three days they visited friends. On June 5th, they spent approximately six hours at the Six Flags amusement park where they walked around and rode some rides. On the evening of June 6th, they dined at the Bravo restaurant in Atlanta, where the employee complained of chest pains which he thought were caused from indigestion. The next morning, the claimant discovered her husband in the bathroom, dead. The cause of death was listed on the death certificate as organic heart disease.

Mr. Wingert was approximately six feet tall and weighed between 215 and 230 pounds. He smoked about half a pack of cigarettes a day. According to Dr. Laurence Grossman, a Nashville cardiologist who reviewed all of the employee's medical records since July of 1973, Mr. Wingert had a history of long-standing coronary artery disease dating at least back to 1975. The doctor attributed the death to tobacco abuse and obesity and further opined that the employee's employment did not contribute to his death in any way. Dr. Grossman's competency to give such an opinion is well documented in the record.

Dr. William Hardin, who had treated the employee in the past, testified that the heart attack was probably brought on by hypertension, which could have been aggravated by stress of working as a policeman. Dr. Hardin is a family practitioner.

■ Upon the above summarized evidence, the chancellor found Mr. Wingert's death to have been the result of an injury by accident arising out of and in the course of his employment. Appellate review is *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the findings of fact, unless the preponderance of the evidence is otherwise. Tenn.Code Ann. section 50–6–225(e)(2). This tribunal is required to conduct an independent examination of the record to determine where the preponderance of the evidence lies. *Galloway v. Memphis Drum Service*, 822 S.W.2d 584, 586 (Tenn.1991).

The claimant relies on Tenn.Code Ann. section 7–51–201(a)(1),[1] which creates a rebuttable presumption that a police officer such as Mr. Wingert, who suffers injury or death because of hypertension or heart disease, is entitled to workers' compensation benefits, if he is employed by a covered employer, such as Sumner County. *See Perry v. City of Knoxville*, 826 S.W.2d 114 (Tenn.1991) and *City of Oak Ridge v. Campbell*, 511 S.W.2d 686 (Tenn.1974). Since the statutorily created presumption that would otherwise create entitlement to death benefits under the Act for the claimant in this case has been rebutted by competent medical evidence, we have sought guidance from rules of workers' compensation law generally.

---

**1.** 7–51–201. *Law enforcement officers and firefighters—compensation for injury or death—certain disabilities presumed to have been suffered in the course of employment.*—(a)(1) Whenever the State of Tennessee, or any municipal corporation or other political subdivision thereof that maintains a regular law enforcement department manned by regular and full-time employees and has established or hereafter establishes any form of compensation to be paid to such law enforcement officers for any condition or impairment of health which shall result in loss of life or personal injury in the line of duty or course of employment, there shall be and there is hereby established a presumption that any impairment of health of such law enforcement officers caused by hypertension or heart disease resulting in hospitalization, medical treatment or any disability, shall be presumed (unless the contrary is shown by competent medical evidence) to have

occurred or to be due to accidental injury suffered in the course of employment. Any such condition or impairment of health which results in death shall by presumed (unless the contrary is shown by competent medical evidence) to be a loss of life in line of duty, and to have been in the line and course of employment, and in the actual discharge of the duties of such officer's position, or the sustaining of personal injuries by external and violent means or by accident in the course of employment and in line of duty. Such law enforcement officer shall have successfully passed a physical examination prior to such claimed disability, or upon entering governmental employment and such examination fails to reveal any evidence of the condition of hypertension or heart disease (1992 Replacement).

It has been held that a heart attack is compensable, as an accidental injury, if it can be shown by competent evidence that the attack was precipitated by physical stress and exertion at work. *See Downen v. Allstate Ins. Co.,* 811 S.W.2d 523 (Tenn.1991). The key to recovery or denial of benefits is whether the heart attack is precipitated by the physical activity and exertion of the employee's work, *Shelby Mutual Ins. Co. v. Dudley,* 574 S.W.2d 43 (Tenn.1978), but a compensable injury by accident may also occur if the injury results from some acute, sudden or unexpected emotional stress directly attributable to employment, not from worry, anxiety or emotional stress of a general nature. *Bacon v. Sevier County,* 808 S.W.2d 46 (Tenn.1991).

In the case *sub judice,* the evidence is clear that Mr. Wingert's seizure was not preceded by physical stress or exertion at work, or some acute, sudden or unexpected emotional stress directly attributable to his employment. For that reason and because, as already noted, the statutory presumption has been rebutted by competent medical evidence, this tribunal finds that the evidence preponderates against the judgment of the trial court.

The judgment of the trial court is accordingly reversed and the case dismissed. Costs are taxed to the plaintiff-appellee.

FRANK F. DROWOTA, III, Associate Justice, and ROBERT S. BRANDT, Judge, concur.