IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 14, 2002 Session

## DOUG JONES v. EDDIE GILLETTE, SR., ET AL.

**Appeal from the Circuit Court for Hamilton County**
**No. 01D428     Samuel H. Payne, Judge**

### FILED MAY 2, 2002

### No. E2001-01499-COA-R3-CV

The Defendants/Appellants, Eddie Gillette, Sr., and Vivian Gillette, the maternal grandparents of A.B.J., contend that the Trial Court abused its discretion when it granted custody of A.B.J. to her father, the Plaintiff/Appellee, Doug Jones. The Gillettes further contend that the Trial Court abused its discretion when it denied their oral motion to stay enforcement of its judgment pending appeal and when it denied their oral motion to award them visitation pending appeal. We affirm the judgment of the Trial Court.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

Catherine Marie White, Chattanooga, Tennessee, for the Appellants, Eddie Gillette, Sr., and Vivian Gillette

Erskine Patterson Mabee, Chattanooga, Tennessee, for the Appellee, Doug Jones

### MEMORANDUM OPINION

In this appeal from the Circuit Court for Hamilton County the Defendants, Eddie Gillette, Sr., and Vivian Gillette, the maternal grandparents of A.B.J.[1] (hereinafter 'the Gillettes'), contend that the Trial Court abused its discretion when it granted custody of A.B.J. to her father, the Plaintiff, Doug Jones. The Gillettes further contend that the Trial Court abused its discretion when it denied their oral motion to stay enforcement of its judgment pending appeal and when it denied their oral motion to award them visitation pending appeal.

---

[1]     A.B.J. was born September 27, 1996.

We find that this is an appropriate case for affirmance under Rule 10 of this Court.

At close of proof, the Trial Court cited the case of *Bond v. McKenzie*, 896 S.W.2d 548 (Tenn. 1995) wherein the Tennessee Supreme Court noted the well settled rule that the right of individual privacy constitutionally guaranteed under the Tennessee Declaration of Rights includes the fundamental right of parents to raise their children as they see fit. In consequence of such right the Supreme Court further noted in that case that "in a contest between a parent and a non-parent, a parent cannot be deprived of the custody of a child unless there has been a finding, after notice required by due process, of substantial harm to the child".

In its order entered *nunc pro tunc* to May 8, 2001, the Trial Court stated:

> The Court having heard testimony from all of the parties and witnesses and from a review of the entire record of this cause, is of the opinion that Doug Jones, the father of [A.B.J.], does not present a risk of substantial harm to the child and there has been no showing of substantial harm to the child by granting custody to the natural parent, Doug Jones.

Pursuant to Tenn.R.App.P. Rule 13 (d) the findings of fact of a trial court are entitled to a presumption of correctness unless the evidence preponderates to the contrary. Furthermore, when, as in this case, a trial court makes a decision that hinges on the credibility of witnesses its decision will not be reversed unless the record contains clear, concrete and convincing contrary evidence aside from the oral testimony of the witnesses. *Airline Const. v. Barr*, 807 S.W.2d 247 (Tenn. Ct. App. 1990). Our review of the record before us does not reveal evidence which preponderates against the implicit findings of fact by the Trial Court that support its determination that Mr. Jones does not present a risk of substantial harm to his daughter. More specifically, we find no evidence in the record which compels us to question the Trial Court's assessment of the credibility of the testimony of the witnesses in this case.

At the time of trial the Gillettes held custody of A.B.J. pursuant to order of the Referee of the Juvenile Court of Hamilton County. Upon the Trial Court's determination that Mr. Jones should have custody of A.B.J. the Gillettes made an oral motion that the Court stay enforcement of its judgment pending appeal, the granting of which would have allowed the Gillettes to retain custody of A.B.J. until our decision was final. The Gillettes' contend that the Trial Court abused its discretion when it denied such motion. The Gillettes further contend that the Trial Court abused its discretion when it denied their additional motion for visitation pending appeal.

We note the following statements of the Trial Court in this case:

> The thing that concerns this court more than anything is the Gillettes have testified that they actually think this man had something to do with the death of

their daughter.[2] What's even worse, they even testified don't even believe he's the father. To leave [her] in your care would absolutely ruin any chance he'd ever have for the father to have a natural relationship with this child.

The Court further stated:

[T]hey think he killed their daughter and he's not even the father? I think that, from this court's opinion, that would be terrible for this child to continue with them, although they say they love [her]. But what are they going to do but poison their mind against this man? It's going to ruin the relationship of everybody. It's a very sad situation. Those are devastating things to state. How could you ever have any respect and say anything good about the man you thought killed your daughter and wasn't even the father of the child that you're trying to look after. It's devastating proof for this court.

In view of these reasonable concerns of the Trial Court, which are founded on evidence in the record, we do not find that the Trial Court's denial of the Gillettes' motions for stay and visitation constituted an abuse of discretion.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against Eddie Gillette, Sr., and Vivian Gillette.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE

---

[2]     The record shows that A.B.J.'s mother was killed in an automobile wreck, that the daughter of her boyfriend, Anthony Lujan, was driving the car in which she was a passenger and that Mr. Jones was not present when the wreck occurred.