IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

ALEXANDER JACKSON BULLARD,    ) C/A N0. 03A01-9705-CH-00193
    )
    Plaintiff-Appellee,    ) HAMILTON CHANCERY
    )
v.    ) HON. HOWELL N. PEOPLES,
    ) CHANCELLOR
THE CITY OF CHATTANOOGA    )
FIREMEN'S AND POLICEMEN'S    )
INSURANCE AND PENSION FUND    )
BOARD,    ) AFFIRMED
    ) AND
    Defendant-Appellant.    ) REMANDED

**FILED**

**March 3, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

WILLIAM R. DEARING, CHAMBLISS, BAHNER & STOPHEL, P.C., Chattanooga, for Plaintiff-Appellee.

ARVIN H. REINGOLD, P.C., Chattanooga, for Defendant-Appellant.


**O P I N I O N**


Franks, J.


In this action plaintiff sought job-related disability benefits from his pension plan, administered by the City of Chattanooga Firemen's and Policemen's Insurance and Pension Fund Board ("Board"). The Board, after an evidentiary hearing, voted 3 to 2 to deny benefits. An appeal was taken to the Chancery Court, and the Chancellor overturned the decision of the Board and awarded benefits. For reasons hereinafter stated we affirm and adopt from the Chancellor's Opinion:

> The Petitioner, Mr. Bullard, suffered a heart attack in November of 1993 while on call as a fire inspector for the Chattanooga Fire Department. Mr. Bullard was unable to return to his job duties as a fire inspector until April of 1994. From April 1994 until May 1995, Mr. Bullard continued his job as a fire inspector.
>
> In May 1995, Mr. Bullard was informed that he would have to take the Chattanooga Fire Department's physical ability test. Mr. Bullard's doctor, Michael Geer, M.D., requested that Mr. Bullard not

take the test due to his continuing heart problems. On May 10, 1995, the Fire Marshall placed Mr. Bullard on personal leave until such time that Dr. Geer released Mr. Bullard to perform the test. Mr. Bullard, having continuing heart problems, applied for job-related disability.

On November 9, 1995, the Respondent Board denied Mr. Bullard job-related disability. Mr. Bullard petitioned this Court asking it to reverse the Board's decision.

Tennessee Code Annotated §27-9-114(b)(1) states:

Judicial review of decisions by civil service boards of a county or municipality which affects the employment status of a county or city civil service employee shall be in conformity with the judicial review standards under § 4-5-322 of the Uniform Administrative Procedures Act.

This language has been applied to review of the denial of pensions to civil servants. Kendrick v. City of Chattanooga Firemen's & Policemen's Ins. And Pension Bd., 799 S.W.2d 668, (Tenn. App. 1990). Tenn. Code Ann. §4-5-322(g)-(h) states:

(g)     The review shall be conducted by the court without a jury and shall be confined to the record . . .

(h)     The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
>    (1) In violation of constitutional or statutory provisions;
>    (2) In excess of the statutory authority of the agency;
>    (3) Made upon unlawful procedure;
>    (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
>    (5) Unsupported by evidence which is both substantial and material in the light of the entire record.
In determining the substantiality of the evidence . . . the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

Following this statutory scheme, this Court will not review any evidence outside the record and will analyze the record in accordance with §4-5-322(h)(1-5).

Mr. Bullard has applied for job-related benefits under § 13.76 of the Chattanooga Code. Section 13.76 allows a fireman to receive a certain rate of disability pension if that fireman can show that he or she

2

was injured while performing his or her duties.

Tennessee Code Annotated § 7-51-201(b)(1) states:

> (A)ny impairment of health of a fire fighter caused by
> hypertension or heart disease resulting in hospitalization, medical
> treatment or any disability shall be presumed (unless the contrary
> be shown by competent medical evidence) to have occurred or to
> be due to accident injury suffered in the course of employment.

The court is of the opinion that this presumption applies to the Petitioner because he was employed by a regular fire department manned by full-time employees; his medical condition combined with the physical ability test requirements render him disabled, and his physical examination before coming to the fire department showed no evidence of hypertension or heart disease. See Perry v. City of Knoxville, 826 S.W.2d 114 (Tenn. 1991).

The Petitioner argues that the Board's decision is not supported by sufficient and competent medical evidence. Given the presumption in § 7-51-201(b)(1) and this Court's standard of review found at T.C.A. § 4-5-322(h)(5), the question becomes whether or not the Board's decision that Mr. Bullard's heart condition was not caused by his work is supported by competent medical evidence that is both substantial and material.

The Court must first find the cause of Mr. Bullard's disability. Both doctors examining Mr. Bullard agree that he cannot perform the physical ability test because it would place him at significant risk for a heart attack. However, is the risk of this heart attack caused by hypertension and problems resulting from his first heart attack, or caused by coronary artery disease, or is it some mixture of the two? This question is important because Dr. Geer, Bullard's treating physician, has opined that the heart attack could have been caused by his job, but that he does not believe the coronary artery problems were. The Court is of the opinion that the medical proof on Bullard is too uncertain to clearly ascertain whether one or the other of these problems is the reason Mr. Bullard cannot take the test. Both Doctors in this case are somewhat unsure of the medical cause of Bullard's heart attack and the heart problems that have followed.

Dr. Michael Geer, states that Bullard as a "very unusual coronary status." Dr. Geer is fairly certain that Bullard had a significant heart attack and that the damage from this attack caused an abnormally contracting heart ventricle. Dr. Geer also states that Bullard has ongoing coronary artery disease and chest pains that may be caused by spasms. However, Dr. Geer also found that although Bullard had a heart attack, his coronary arteries are completely normal. Although Dr. Geer has stated that he does not believe Bullard's artery disease was caused by his work, he has stated that he has no "medical evidence to state that Mr. Bullard's heart disease is not due to an accidental injury suffered during the course of employment."

3

Dr. Thomas Mullady was not Bullard's physician but has analyzed Bullard's condition and medical records. Dr. Mullady initially stated that he did not believe Mr. Bullard's heart attack was caused by his job, but opined that "certain risk factors in his history would contribute to his having a heart attack at any time." However, Dr. Mullady's deposition states:

Q. . . .I want you to presume for purposes of my question that Mr. Bullard's heart attack and/or heart disease was due to injuries suffered in the course of his employment.

Now, starting with that presumption, after reviewing his medical records and having given him a physical examination, you do not have competent medical evidence upon which you could rely to state to a reasonable degree of medical certainty that Mr. Bullard's heart attack and/or heart disease was in fact, not work related; is that correct?

A. Well, let me answer it this way: if I'm going to assume - -

Q. I want you to presume.

A. Presume that his employment in the fire department was the cause of his heart attack and/or underlying heart disease, then I find no evidence - - I have no other evidence that I found from either review of his records or from my examination that there was any other cause. (Emphasis added).

The statements by both doctors reveal their uncertainty as to the cause of Mr. Bullard's heart problems. Furthermore, both doctors agree that if there is a presumption that Bullard's heart problems were caused by his work that they find no evidence showing any other cause.

Once the employee has established the three factors necessary for the statutory presumption that the heart attack resulted from his employment as a fire fighter, "(t)here must be affirmative evidence that there is not a substantial causal connection between the work of the employee so situated and the occurrence upon which the claim for benefits is based." Coffey v. City of Knoxville, 826 S.W.2d 516 (Tenn. 1993). The respondent has failed to produce such affirmative evidence.

The Petitioner has argued that the record does not contain "competent medical proof" to support the Board's decision. The Court agrees. The medical proof in the record reveals varying heart attack problems and an uncertainty as to the cause of those problems. Given the presumption under T.C.A. § 7-51-201 that Mr. Bullard's heart attack and hypertension was caused by his work and the uncertainty of the medical proof negating that presumption, the Court is of the opinion that Bullard's disability occurred during the course of his employment.

The Board cites *Stone v. City of McMinnville*, 896 S.W.2d 548 (Tenn. 1995) and *Krick v. City of Lawrenceburg*, 945 S.W.2d 709 (Tenn. 1997), as cases

applying the statutory presumption and as controlling authority to reverse the judgment of the Trial Court. The facts of these two cases distinguish them from this case. In *Krick*, a qualified cardiologist had testified that job stress played no role in Krick's heart condition, and the Court said "this testimony is affirmative evidence that there is not a substantial causal connection between Krick's work and his heart disease". *Id.* at 713. In *Stone* the Court found that all three doctors who testified "agreed that to a reasonable medical certainty under the facts of the claimant's case, job stress was not a factor" in claimant's heart disease and attack.

We agree with the Chancellor's evaluation of the doctors' testimony, and hold that the statutory presumption was not overcome "by competent medical evidence".

We affirm the Trial Court's reversal of the Board's action on the ground that its finding is not supported by substantial and material evidence. The cost of the appeal is assessed to the appellant and the cause is remanded.

_____
Herschel P. Franks, J.

CONCUR:


_____
Houston M. Goddard, P.J.



_____
William H. Inman, Sr.J.

5