IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
July 21, 2011 Session

## PAUL PITTMAN v. CITY OF MEMPHIS

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-10-0974-3     Kenny W. Armstrong, Chancellor**

_____

**No. W2011-00513-COA-R3-CV - Filed August 18, 2011**

_____

Petitioner firefighter appeals denial of on-the-job injury benefits by the City of Memphis.
We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**
**and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and
J. STEVEN STAFFORD, J., joined.

John F. Canale, III, Memphis, Tennessee, for the appellant, Paul Pittman.

John H. Dotson and Michael Casey Shannon, Memphis, Tennessee, for the appellee, City of
Memphis.

## OPINION

This dispute involves the application of the presumption contained in Tennessee Code
Annotated § 7-51-201 that hypertension and injury to the heart and/or lungs sustained by a
police officer or firefighter is job-related.  Petitioner/Appellant Paul Pittman (Mr. Pittman)
is a firefighter employed by Respondent/Appellee the City of Memphis ("the City").  Before
joining the Memphis Fire Department in February 1995, Mr. Pittman underwent a pre-
employment physical examination that did not reveal signs of hypertension or heart disease.
In 1996, he was diagnosed with hypertension and in April 1996 the City admitted Mr.
Pittman into the Heart, Hypertension, Lung ("HHL") Program, which entitled him to benefits
under the City's On-the-Job-Injury ("OJI") policy.  He has been receiving OJI benefits for
hypertension since April 25, 1996.

In July 2005, Mr. Pittman, then 37 years of age, was hospitalized for chest pain after

feeling fatigued at work. On July 15, 2005, he underwent a coronary angiography which revealed a 90 percent blockage of Mr. Pittman's left anterior artery. Mr. Pittman was diagnosed with coronary artery disease and underwent surgery to have a stent placed in his coronary artery.

On July 22, 2005, Mr. Pittman filed an OJI report seeking admission into the HHL Program for heart disease. Pursuant to City policy, Mr. Pittman's medical records were reviewed by three physicians. One of the physicians, Jesse. T. Davis, Jr., M.D. (Dr. Davis), stated that he found no causal connection between Mr. Pittman's occupation as a firefighter and his coronary artery disease. Based on Dr. Davis' statement, the City denied Mr. Pittman's claim. Mr. Pittman appealed denial of his claim.

The appeal was heard before an Administrative Law Judge ("ALJ") on October 29, 2009. The deposition testimony of Dr. Davis and Mr. Pittman's expert, Maureen Smithers, M.D. (Dr. Smithers) were submitted to the ALJ.[1] Following a hearing in October 2009, the ALJ found that Mr. Pittman was entitled to the statutory presumption of causation set-forth in Tennessee Code Annotated § 7-51-201. The ALJ further found that the City denied Mr. Pittman's claim for OJI benefits based on Dr. Davis' "denial of a causal relationship" between Mr. Pittman's coronary artery disease and his job, and the opinions of "other reviewing physicians." The ALJ concluded that, "through the testimony of Dr. Davis," the City had provided competent medical proof sufficient to rebut the statutory presumption. The ALJ found that Mr. Pittman had failed to prove substantial causation between his occupation and his coronary artery disease through competent medical proof. The ALJ affirmed denial of Mr. Pittman's claim for benefits.

In May 2010, Mr. Pittman filed petition for review in the Chancery Court for Shelby County pursuant to Tennessee Code Annotated §§ 4-5-322 and 27-9-114. In his petition, Mr. Pittman asserted the ALJ acted in violation of statutory provisions where the weight of the evidence did not support a finding that the City had rebutted the presumption set-forth in Tennessee Code Annotated § 7-51-201. He asserted the ALJ's finding was not supported by the weight of the evidence, and that its determination was arbitrary or capricious or characterized by an abuse of discretion. Following a hearing in December 2010, the trial court affirmed the ALJ's conclusion. Mr. Pittman filed a timely notice of appeal to this Court.

---

[1]Dr. Davis testified that he is board certified in general surgery and previously was certified in thoracic and vascular surgery, and that he has practiced cardiovascular medicine since 1970. Dr. Smithers testified that she is a board certified cardiologist, graduated from medical school in 1987, and began practicing cardiovascular medicine in 1991.

## Issues Presented

The issues presented by this appeal, as we re-word them, are:

(1)     Whether the trial court and the ALJ erred by failing to properly apply the presumption set-forth in Tennessee Code Annotated § 7-51-201.

(2)     Whether substantial and material evidence supports the trial court's determination that Mr. Pittman's coronary artery disease was not caused by his occupation.

## Standard of Review

We review the trial court's findings of fact with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). Accordingly, we will not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. We review the trial court's conclusions on matters of law *de novo*, however, with no presumption of correctness. *Tidwell v. Memphis*, 193 S.W.3d 555, 559 (Tenn. 2006). Our review of a trial court's application of the law to the facts is *de novo*, with no presumption of correctness. *State v. Ingram*, 331 S.W.3d 746, 755 (Tenn. 2011).

Review of the ALJ's determinations is pursuant to the Uniform Administrative Procedures Act ("UAPA"), and is governed by Tennessee Code Annotated § 4-5-322(h)(2005). *Tidwell v. City of Memphis*, 193 S.W.3d 555 (Tenn. 2006). Pursuant to the UAPA:

> The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
>      (1) In violation of constitutional or statutory provisions;
>      (2) In excess of the statutory authority of the agency;
>      (3) Made upon unlawful procedure;
>      (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
>      (5)(A) Unsupported by evidence which is both substantial and material in the light of the entire record.
>      (B) In determining the substantiality of evidence, the court shall take into account whatever fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence

on questions of fact.

Tennessee Code Annotated § 4-5-322(h)(2005). Appellate review is confined to the same scope of review. *CF Indus. v. Tennessee Pub. Serv. Comm'n*, 599 S.W.2d 536, 540 (Tenn. 1980).

***Discussion***

Tennessee Code Annotated § 7-51-201 provides, in pertinent part:

(c)(1) Whenever any county having a population greater than four hundred thousand (400,000) according to the 1980 federal census or any subsequent federal census, or any municipal corporation within such county, maintains within its fire department, and has established or hereafter establishes any form of compensation, other than workers' compensation, to be paid to a person employed by such division as an emergency medical technician or emergency medical technician advanced or paramedic, for any condition or impairment of health that shall result in loss of life or personal injury in the line of duty or course of employment, there shall be and there is hereby established a presumption that any impairment of health of such person caused by hypertension or heart disease resulting in hospitalization, medical treatment or any disability shall be presumed, unless the contrary is shown by competent medical evidence, to have occurred or to be due to accidental injury suffered in the course of employment. Any such condition or impairment of health which results in death shall be presumed, unless the contrary is shown by competent medical evidence, to be a loss of life in line of duty, and to have been in the line and course of employment, and in the actual discharge of the duties of the firefighter's position, or the sustaining of personal injuries by external and violent means or by accident in the course of employment and in the line of duty. Such person shall have successfully passed a physical examination prior to such claimed disability, or upon entering governmental employment, and such examination fails to reveal any evidence of the condition of hypertension or heart disease.

(2) It is hereby declared to be the legislative intent that this section is to be remedial in character and to permit and require any such municipal corporation or political subdivision of the state maintaining such division to be covered by its provisions.

Tennessee Code Annotated § 7-51-201(c)(1)(2005).[2]  It is undisputed in this case that, pursuant to this section, Mr. Pittman is entitled to a rebuttable presumption that his coronary artery disease occurred or is due to injury suffered in the course of his employment as a firefighter for the City.  It is also undisputed that the City may rebut the presumption by competent medial evidence.  The first question presented by this appeal is whether the ALJ properly applied the statutory presumption.

The presumption provided by the Code may be rebutted by "competent" and "affirmative" medical evidence "that there is not a substantial causal connection between the work of the employee so situated and the occurrence upon which the claim for benefits is based."  Tennessee Code Annotated § 7-51-201(c)(1); *Coffey v. City of Knoxville*, 866 S.W.2d 516, 519 (Tenn. 1993).  When the statutory presumption has been rebutted, the burden shifts to the employee to demonstrate causation by a preponderance of the evidence. *Bohanan v. City of Knoxville*, 136 S.W.3d 621, 625 (Tenn. 2004).  The statute is remedial in nature, Tennessee Code Annotated § 7-52-201(c)(2), and it generally is construed within the context of workers' compensation cases. *E.g., Bohanan*, 136 S.W.3d 621; *Krick v. City of Lawrenceburg*, 945 S.W.2d 709 (Tenn. 1997); *Coffey v. City of Knoxville*, 866 S.W. 2d 516 (Tenn. 1993).   The appellate court reviews issues of fact in workers' compensation cases *de novo* with a presumption of the correctness of the findings, unless the evidence preponderates otherwise. *Bohanan*, 136 S.W.3d at 624.  Generally, the first issue in a case denying benefits, notwithstanding the statutory presumption, would be "whether the evidence preponderates against the finding of the trial judge that the presumption created by [Tennessee Code Annotated § 7-21-201(c)(1)] had been rebutted." *Coffey*, 866 S.W.2d at 517.  When the expert medical testimony differs, decisions concerning credibility and the weight to be afforded the testimony generally are within the sound discretion of the trial court. *Bohanan*, 136 S.W.3d at 624 (citation omitted).  However, in cases wherein the expert medical testimony is by deposition, the reviewing court may "'draw its own conclusions about the weight and credibility of that testimony, since [it is] in the same position as the trial judge.'" *Id.* (*quoting Krick v. City of Lawrenceburg*, 945 S.W.2d 709, 712 (Tenn. 1997)).  Accordingly, in those cases, the appellate court generally may review the expert medical testimony without deference to the trial court with respect to credibility or the weight of the evidence when determining whether the evidence preponderates against the findings of the trial court. *See Bohanan*, 136 S.W.3d 621; *Krick*, 945 S.W.2d 709; *Coffey*, 866 S.W. 2d 516.

Review under the UAPA, however, is more limited and is constrained by the provisions of Tennessee Code Annotated § 4-5-322(h), as noted above.  When reviewing a case under the UAPA, after confirming that the agency has applied the proper legal

---

[2]The City has opted out of the Workers' Compensation Law and has established its own compensation procedures. *Tidwell v. City of Memphis*, 193 S.W. 3d 555, 557 (Tenn. 2006).

principles, we must consider the factual findings in dispute and determine whether the agency's basis for making the findings was reasonably sound. *City of Memphis v. Civil Serv. Comm'n of City of Memphis*, 238 S.W.3d 238, 243 (Tenn. Ct. App. 2007)(citation omitted). Like the trial court, we must apply the substantial and material evidence standard when reviewing the findings of fact of the agency. *Id*. "Substantial and material evidence is 'such relevant evidence as a reasonable mind might accept to support a rational conclusion' and to furnish a reasonably sound basis for the decision under consideration." *Id*. (quoting *City of Memphis v. Civil Serv. Comm'n*, 216 S.W.3d 311, 316 (Tenn. 2007) (quoting *Jackson Mobilphone Co. v. Tenn. Pub. Serv. Comm'n*, 876 S.W.2d 106, 110–11 (Tenn. Ct. App.1993)). We are required to take into account evidence in the record that fairly detracts from the weight of the evidence, but we may not substitute our judgment on factual questions by re-weighing the evidence. *Id*. (citing see Tenn. Code Ann. § 4–5–322(h)(5)(B)). The substantial and material evidence standard does not permit us to reverse an administrative decision only because the evidence could also support another result. *Id*. (citation omitted). Rather, we may reject an agency's determination only if a reasonable person necessarily would reach a different conclusion based on the evidence. *Id*.

The UAPA also permits us to modify or reverse an agency's decision that is "[a]rbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." Tenn. Code Ann. § 4–5–322(h)(4)(2005). A decision unsupported by substantial and material evidence is arbitrary and capricious. *Id*. (citing *City of Memphis v. Civil Serv. Comm'n*, 216 S.W.3d 311, 315 (Tenn. 2007)). Additionally, "a clear error of judgment can also render a decision arbitrary and capricious notwithstanding adequate evidentiary support." *Id*. (citing *City of Memphis v. Civil Serv. Comm'n*, 216 S.W.3d at 316). A decision is arbitrary or capricious if it "is not based on any course of reasoning or exercise of judgment, or . . . disregards the facts or circumstances of the case without some basis that would lead a reasonable person to reach the same conclusion." *Id*. (quoting *City of Memphis v. Civil Serv. Comm'n*, 216 S.W.3d at 316 (quoting *Jackson Mobilphone*, 876 S.W.2d at 110–11)).

In this case, Mr. Pittman asserts the ALJ and the trial court failed to apply the statutory presumption set forth in Tennessee Code Annotated § 7-51-201 correctly. He asserts that the ALJ placed the initial burden of causation on him to demonstrate a causal connection, rather than on the City to rebut the presumption of causation. He asserts that he is therefore entitled to relief because the ALJ's conclusions are in violation of the statutory provision and arbitrary and capricious.

Upon review of the record, we observe that the ALJ specifically referenced Tennessee Code Annotated § 7-51-201 as a basis of its findings. The ALJ also stated in its conclusions of law that Mr. Pittman was entitled to the statutory presumption of causation. The court

concluded, however, that the City rebutted the presumption though Dr. Davis' testimony, providing competent medical proof that Mr. Pittman's coronary artery disease was not caused by his occupation. On review, the chancery court determined that the ALJ properly applied the statutory presumption. The record does not support Mr. Pittman's assertion that the tribunals below did not apply the statutory presumption and afford him the benefits thereof.

Mr. Pittman also asserts that the trial court failed to properly weigh the medical evidence in reaching its decision. Mr. Pittman asserts that both Dr. Davis and Dr. Smithers testified that there is a causal relationship between hypertension and heart disease. He further asserts that the City determined that his hypertension was caused by his occupation where it admitted him into the HHL Program for hypertension in 1996. He submits that the evidence thus establishes a substantial causal relationship between his occupation and his heart disease because hypertension is a cause of coronary heart disease, and his occupation is the cause of his hypertension. Mr. Pittman further asserts that Dr. Smithers, the board-certified cardiologist who treated him, testified that she believed there was a "substantial causal relationship between [Mr. Pittman's] occupation as a firefighter and his coronary artery disease." He contends, in essence, that Dr. Smithers' testimony outweighs Dr. Davis' testimony that Mr. Pittman's cardiac disease was related not to his occupation, but to his family history, hypertension, hyperlipidemia, and nicotine use. Mr. Pittman asserts that the City accordingly failed to rebut the statutory presumption, and that the determinations of the ALJ are not supported by substantial and material evidence.

The City, on the other hand, asserts that the testimony of Dr. Davis is competent medical proof to demonstrate that Mr. Pittman's heart disease was caused by factors not related to his occupation as a firefighter. The City further submits that Dr. Smithers "tacitly admitted" that she could not determine that Mr. Pittman's occupation as a firefighter caused his heart disease where she testified that she could not separate his occupation from the other factors, or opine as to whether Mr. Pittman would have developed coronary artery disease had he been engaged in another occupation.

Upon review of the record, it is clear that the City provided competent medical proof that Mr. Pittman's coronary artery disease was not caused by his occupation as a firefighter. Both Dr. Davis and Dr. Smithers testified that coronary artery disease is caused by multiple factors, and neither affirmatively testified that Mr. Pittman's occupation as a firefighter was a more significant factor. Further, Dr. Davis affirmatively testified that Mr. Pittman would have coronary vessel disease regardless of his occupation. Therefore, notwithstanding the remedial nature of the statute, we cannot say that ALJ's determination that the City carried its burden to rebut the statutory presumption is not supported by substantial and material evidence, that it is characterized by an abuse of discretion, or that it is arbitrary and capricious.

Once the City rebutted the statutory presumption, the burden shifted to Mr. Pittman to demonstrate, by a preponderance of the evidence, that his occupation caused his coronary artery disease. Although it is undisputed that Mr. Pittman was admitted to the HHL Program for hypertension and that hypertension is a factor in coronary artery disease, we cannot say that this evidence, without more, is sufficient to demonstrate causation between Mr. Pittman's occupation as a firefighter and coronary artery disease. The undisputed testimony was that coronary artery disease may be caused by many factors, including family history, nicotine use, hyperlipidemia and obesity, in addition to hypertension. It is also undisputed that several of these factors are present in Mr. Pittman's case. Thus, we cannot say that the ALJ's determination is not supported by substantial and material evidence, that it is characterized by and abuse of discretion, or that it is clear error.

### *Holding*

In light of the foregoing, the judgment of the trial court is affirmed. Costs of this appeal are taxed to the appellant, Paul Pittman, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE