# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned On Briefs April 26, 2012

## ALENE S. NEAL v. THE STATE OF TENNESSEE, DEPARTMENT OF HUMAN SERVICES

### Direct Appeal from the Chancery Court for Shelby County
### No. CH-10-09863    Kenny Armstrong, Chancellor

### No. W2011-01123-COA-R3-CV - Filed May 16, 2012

The Department of Human Services determined that Plaintiff's available resources exceeded the resource limit for purposes of Medicaid benefits in the Qualified Medicare Beneficiary category. The trial court affirmed the Department's determination. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Alene S. Neal, *Pro Se*.

Robert E. Cooper, Jr., Attorney General and Reporter and Shayna Abrams, Senior Counsel, for the appellee, The State of Tennessee, Department of Human Services.

### MEMORANDUM OPINION[1]

This dispute concerns the denial by the Department of Human Services ("the Department") of Plaintiff Alene S. Neal's (Ms. Neal) July 29, 2009 recertification application

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

for Medicaid benefits in the Qualified Medicare Beneficiary ("QMB") category. The Department denied Ms. Neal's application upon determining that her available resources in the amount of $4,039 exceeded the resource limit of $4,000. Ms. Neal's QMB coverage was terminated in August 2009. Ms. Neal appealed the determination.

The matter was heard before a Department Hearing Officer in January 2010. In March 2010, the Hearing Officer issued an initial administrative order upholding the Department's determination and Ms. Neal filed an appeal. The Assistant Commissioner upheld the determination and issued a final administrative order in April 2010. Ms. Neal's application for reconsideration was denied, and Ms. Neal filed a petition for review in the Chancery Court for Shelby County. Following a hearing in March 2011, the chancery court found that, based on the bank statements submitted into evidence, Ms. Neal had resources in excess of $4,000. The chancery court found that Ms. Neal's resources therefore exceeded the resource limit of 200 percent of Supplemental Security Income ("SSI"), or $4,000. The chancery court determined that substantial and material evidence supported the Department's denial of Ms. Neal's application and entered final judgment in the matter on April 19, 2011. Ms. Neal filed a timely notice of appeal to this Court.

### *Issue Presented*

The issue presented by Ms. Neal, as we perceive it, is whether the trial court erred by determining that the Department's determination was supported by substantial and material evidence.

### *Standard of Review*

We review the trial court's findings of fact with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). Accordingly, we will not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. We review the trial court's conclusions on matters of law *de novo*, however, with no presumption of correctness. *Tidwell v. Memphis*, 193 S.W.3d 555, 559 (Tenn. 2006). Our review of a trial court's application of the law to the facts is *de novo*, with no presumption of correctness. *State v. Ingram,* 331 S.W.3d 746, 755 (Tenn. 2011).

Review pursuant to the Uniform Administrative Procedures Act ("UAPA") is governed by Tennessee Code Annotated § 4–5–322(h) (2011). *Pittman v. City of Memphis*, 360 S.W.3d 382, 386 (Tenn. Ct. App. 2011)(citing *Tidwell v. City of Memphis*, 193 S.W.3d 555 (Tenn. 2006)). Pursuant to the UAPA:

The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

 (1) In violation of constitutional or statutory provisions;

 (2) In excess of the statutory authority of the agency;

 (3) Made upon unlawful procedure;

 (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

 (5)(A) Unsupported by evidence which is both substantial and material in the light of the entire record.

 (B) In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

Tennessee Code Annotated § 4–5–322(h) (2011). We are confined to the same scope of review on appeal. *Id.* at 387.

### *Discussion*

It is undisputed in this case that Ms. Neal is not eligible for Medicaid in the QMB category if her non-exempt resources exceed $4,000. The trial court found that Ms. Neal's nonexempt resources exceeded this limit based on bank statements for four accounts showing balances in the amount of $2,218.83; $57.74; 1,763.12; and $3,457.95. The trial court further found that an additional account balance was "not available" and excluded the account from the resource calculation. The trial court found that the Department had determined that, based on three of the accounts, Ms. Neal's resources totaled $4,039 and, therefore, exceeded the $4,000 limit.

In her brief to this Court, Ms. Neal does not dispute that the bank statements submitted into evidence indicate resources in excess of $7,000. Rather, her argument, as we understand it, is that the Department and the trial court erred by including federal stimulus payments when determining the amount of resources available to her. Ms. Neal cites no law to support her assertion, however. Ms. Neal does not indicate in her brief, moreover, the amount of income which the Department and the trial court allegedly erroneously included in the calculation of resources available to her. She cites to no facts in the record to support her assertions of error.

The Department, on the other hand, asserts that Ms. Neal applied for Medicaid

-3-

benefits on July 29, 2009, more than one year after receiving a stimulus payment on July 5, 2008. The Department further asserts that Ms. Neal presented no proof concerning a 2009 stimulus payment other than stating that she received $250 in 2009. The Department contends that Ms. Neal, who was represented by an attorney in the proceedings before the Department, failed to establish that the alleged $250 payment qualified as an income tax refund, rebate, or earned income tax credit for the purpose of calculating her available resources for the purpose of determining her QMB eligibility. Upon review of the record, we cannot say that the Department's determination is unsupported by substantial and material evidence, that it is characterized by an abuse of discretion, or that it is a clear error.

## *Holding*

In light of the foregoing, the judgment of the trial court is affirmed. Costs of this appeal are taxed to the Appellant, Alene S. Neal.

_____
DAVID R. FARMER, JUDGE